UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brandon Larson,

          Plaintiff,

                              MEMORANDUM OPINION
v.                            AND ORDER
                              Civil No. 13-2117 ADM/JJK

Wells Fargo Bank, N.A.;
and Paul Timp,

          Defendants.

_____

Frances E. Baillon, Esq., and Christopher D. Jozwiak, Esq., Baillon Thome Jozwiak & Wanta LLP, Minneapolis, MN, on behalf of Plaintiff.

Joseph G. Schmitt, Esq., David A. James, Esq., and Sejal Desai Winkelman, Esq., Nilan Johnson Lewis PA, Minneapolis, MN, on behalf of Defendants.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Brandon Larson's ("Larson") Motion for Remand [Docket No. 18] and Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Paul Timp's ("Timp") Motion to Dismiss [Docket No. 7].  For the reasons stated herein, Larson's motion is granted and Defendants' motion is not reached.

## II.  BACKGROUND

Larson was a Vice President in the Home Mortgage Division at Wells Fargo.  See Notice of Removal [Docket No. 1] Ex. A ("Complaint") ¶ 9.  A group of employees ("direct reports") reported directly to Larson; Larson, in turn, reported to Timp, his immediate supervisor.  Id. ¶¶ 10, 12.  In June 2012, some of Larson's direct reports complained of sexual harassment by one of their co-workers, Brett Jacobs.  Id. ¶¶ 12-15.  During his investigation, Larson alleges other

direct reports made similar complaints about Jacobs.  Id. ¶¶ 19-22.  Larson followed company procedures and reported the situation to Timp and Wells Fargo's employee relations department ("Human Resources").  Id. ¶¶ 15, 17.  A few weeks later, Larson alleges he received another complaint from one of his direct reports that Jacobs had engaged in sexually offensive behavior.  Id. ¶ 19.  Upon hearing of the allegations, Jacobs requested a meeting with his co-workers to discuss the claims; Timp approved the meeting.  Id. ¶ 23.

On September 25, 2012, Larson alleges he received still further complaints that Jacobs was creating a sexually hostile work environment and retaliating against co-workers.  Id. ¶¶ 24-25.  As with the previous incidents, Larson states he reported these new complaints to Timp and Human Resources.  Id. ¶¶ 30-31.  Larson alleges Timp responded to the report by telling Larson "he was sick of hearing about these issues and they had to end."  Id. ¶ 32.  Larson met face-to-face with Timp the following day to talk about Jacobs' access to email accounts.  Id. ¶ 33.  During the meeting, Timp allegedly told Larson that Human Resources was tired of Larson reporting sexual harassment.  Id.  Days later, Wells Fargo, through Timp, fired Larson.  Id. ¶ 36.

Larson claims Defendants fired him because of his good faith reports of sexual harassment in the workplace.  Id. ¶ 41.  Therefore, Larson claims his termination was in violation of the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.15.

### III.  DISCUSSION

The Complaint in this action was filed in the Fourth Judicial District of Minnesota, Hennepin County, on July 9, 2013.  See Notice of Removal.  Plaintiff Larson is a resident of Hennepin County, Minnesota.  Wells Fargo Bank is a resident of South Dakota and Timp is a resident of Otsego, Minnesota.  On August 5, 2013, Defendants removed the action to this Court,

invoking the United States District Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Defendants acknowledge: a) Larson decided to file his case in state court, b) Larson has only brought a state law action under Minn. Stat. § 363A.15, and no federal law is at issue, and c) Larson and Timp are both Minnesota residents. Defendants admit these facts facially defeat diversity jurisdiction. However, Defendants argue that Timp, as an employee of Wells Fargo, is not a liable party under Minnesota law, and is thus fraudulently joined. Since Timp is not liable, Defendants argue, he was necessarily added to the case for the sole purpose of defeating diversity jurisdiction. Larson argues Timp is liable for his role in retaliating against Larson; therefore, Defendants improperly removed this action and the case should be remanded to state court.

**A. Standard of Review for Removal Versus Remand**

When a plaintiff has joined a non-diverse party as a defendant in a state case, the defendants may avoid remand by demonstrating that the non-diverse party was fraudulently joined. Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002). This means "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based on the facts involved." Id. at 811.

**B. Reasonable Basis for Remand**

The state law at issue in this case is Minn. Stat. § 363A.15, which states in relevant part:

It is an unfair discriminatory practice for any individual who participated in the alleged discrimination as a perpetrator, employer, labor organization, employment

>   agency, public accommodation, public service, educational institution, or owner, lessor, lessee, sublessee, assignee or managing agent of any real property, or any real estate broker, real estate salesperson, or employee or agent thereof to intentionally engage in any reprisal against any person . . . [who complained about the discrimination.]

The parties disagree about the meaning of the plain language of the statute.  Defendants argue that Timp, as a supervisor and employee at Wells Fargo, cannot be held individually liable for his role in terminating Larson's employment.  Defendants read the language of the statute to mean that "or employee" only refers to employees in the real estate business, not employees in general.  Defendants therefore conclude that since Timp is not a real estate employee or agent, he cannot be liable for firing Larson, even if Wells Fargo is ultimately held liable for retaliation.  Larson reads the language differently, arguing that "employee" refers to any individual employee who participates in reprisal against a person who reports discrimination.  Larson argues that the statute holds liable both Wells Fargo and Timp, the supervisor.  Neither party has identified state law precedent that directly addresses which interpretation is correct.  Nevertheless, Defendants argue that the Minnesota Supreme Court's recent interpretation of Minn. Stat. § 363A.14 makes clear that a supervisor and his employer cannot both be held liable under the MHRA for the same conduct.  Defs.' Opp'n to Remand [Docket No. 24] at 4-5 (citing Rasmussen v. Two Harbors Fish Co., 832 N.W.2d 790 (Minn. 2013)).

In Rasmussen, the Minnesota Supreme Court analyzed Minn. Stat. § 363A.14 and determined that "[i]f the Legislature had intended to create liability for any individual employee who engaged in an unfair employment practice in the employment setting, it could have done so without resorting to a theory of aiding and abetting liability."  832 N.W.2d at 801.  Whether the Minnesota Supreme Court would interpret § 363A.15 the same way is unclear.  See Rasmussen,

832 N.W.2d at 801 (the Court commented that individual liability is found, for example, in Minn. Stat. § 363A.09, subd. 2).  As United States District Judge Richard H. Kyle noted when he remanded a factually similar case, "the reprisal portion of the MHRA is phrased differently than its discrimination portion."  Arens v. O'Reilly Auto., Inc., 874 F. Supp. 2d 805, 808 (D. Minn. 2012) (listing two cases, Zmora v. Minnesota, No. 01-1905, 2002 U.S. Dist. LEXIS 6341, at *8-9 (D. Minn. Apr. 10, 2002) (Kyle, J.) and Nelson v. Cnty. of St. Louis, No. A10-676, 2011 WL 382630, at *3-7 (Minn. Ct. App. Feb. 8, 2011), which suggest supervisor liability may exist for reprisal).  Without directly ruling on the issue, Judge Kyle wrote that in contrast to Minn. Stat. § 363A.14, § 363A.15 "suggests that supervisors may be held individually liable for engaging in acts of reprisal against employees complaining about discrimination."  Id.  Although Defendants' argument may ultimately prove correct, the analysis of Minn. Stat. § 363A.14 in Rasmussen does not clearly require this Court to ignore the analysis in Arens.  Nor does Rasmussen necessarily require the Court to find that the analysis of § 363A.15's different language provides no arguably reasonable basis for predicting that the state law might impose individual liability on Timp.

Timp is accused of telling Larson that Timp was "sick of hearing" from Larson about sexual harassment.  Timp is further accused of firing Larson for reporting the sexual harassment.  Where, as here, Timp's potential liability under state law is unclear, a court deciding whether the defendant was fraudulently joined "has no responsibility to definitively settle the ambiguous question of state law."  Filla, 336 F.3d at 811.  Rather, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide."  Id.  Therefore, Larson's motion to

remand is granted.

### C. Motion to Dismiss

Because the Court has remanded this case to state court, the Defendants' Motion to Dismiss need not be considered in federal court.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand [Docket No. 18] is **GRANTED**;

2. Defendants' Motion to Dismiss [Docket No. 7] is not reached in federal court; and

3. This case is **REMANDED** to Hennepin County District Court.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 27, 2014.